IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **CANDY K. GRIFFIN**, | Case No. 3:19-cv-01594-IM |
| Plaintiff, | **ORDER** |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY**, | |
| Defendant. | |

**IMMERGUT, District Judge.**

On August 20, 2020, the Court remanded this case for further proceedings, based on the stipulation of the parties. ECF 15. On February 19, 2021, the Court granted Plaintiff's

PAGE 1 – ORDER

application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,071.86. ECF 21 at 2.

Plaintiff's counsel now moves for attorney's fees of $20,343.25 under 42 U.S.C. § 406(b). ECF 22 at 1. If awarded the requested § 406(b) attorney's fees, Plaintiff's counsel will reimburse the $3,071.86 EAJA fee award. *Id*. Thus, Plaintiff's counsel seeks net attorney fees of $20,343.25. Plaintiff's past due benefits totaled $81,373.00. *Id*. at 2. Accordingly, the requested net § 406(b) attorney's fees represent exactly twenty-five percent of Plaintiff's past due benefits.

Defendant objects to the requested amount in fees as resulting in a windfall because "the amount requested appears to be out of proportion to the time spent on the case, particularly given the relatively simple legal issues and medical record." ECF 23 at 3. Defendant points out that Plaintiff's counsel's request of $20,343.25 for 14.8 hours of work yields an effective hourly rate of $1,375.54. *Id*. at 1–2. For the following reasons, Plaintiff's counsel's motion for fees is GRANTED IN PART and DENIED IN PART.

## STANDARDS

A court entering judgment for a social security disability claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (internal quotation marks omitted) (quoting 42 U.S.C. § 406(b)(1)(A)). Counsel requesting the fee bears the burden of establishing the reasonableness of the requested fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The attorney's fee award is paid by the claimant out of the past-due benefits awarded—the losing party is not responsible for payment. *Id*. at 802.

A court reviewing a request for attorney's fees under § 406(b)(1)(A) "must respect 'the primacy of lawful attorney-client fee agreements' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Even so, routine approval of fees under a contingency fee agreement calling for the statutory maximum is disfavored. *See Fintics v. Colvin*, No. 3:10-cv-01352-HU, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that do not "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees. Courts may consider the character of the representation, the results achieved, whether there was a delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id*. at 808; *Crawford*, 586 F.3d at 1151–52. Although the Supreme Court has instructed against using the lodestar method as the primary method to calculate 406(b) fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal rate for billing non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, this Court begins its analysis by reviewing the contingency fee agreement executed by Plaintiff and her counsel. ECF 22-1. Plaintiff agreed to pay attorney's fees "the greater of 25% of any past-due benefits or such amounts as are awarded to my attorney pursuant to the Equal Access to Justice Act (EAJA)." *Id*. Plaintiff was awarded

$81,373.00, so the requested attorney's fee of $20,343.25 represents the exact amount contemplated in the contingency fee agreement.

Mindful of "the primacy of lawful attorney-client fee arrangements," *Crawford*, 586 F.3d at 1148 (internal quotation marks omitted) (quoting *Gisbrecht*, 535 U.S. at 793), this Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case. Plaintiff's counsel achieved good results for Plaintiff (a stipulated remand for further proceedings) and represented Plaintiff professionally, and there was no delay attributable to Plaintiff's counsel. Plaintiff's counsel submitted time records showing 14.8 hours spent litigating this case in federal court. ECF 22-4. Defendant argues that this results is an unreasonably high hourly rate ($1,375.54 per hour) and constitutes a windfall for Plaintiff's counsel. ECF 23 at 3. This Court agrees.

Defendant does not argue that the 14.8 hours expended were unreasonable or excessive, nor does this Court perceive the hours to be unreasonable. Rather, Defendant argues that the "amount requested appears to be out of proportion to the time spent on the case, particularly given the relatively simple legal issues and medical record." *Id*. True, Plaintiff's Opening Brief, ECF 11, identified five assignments of error. But Defendant ultimately stipulated to a remand, ECF 14, eliminating the need for Plaintiff's counsel to write a reply brief or prepare for oral argument. Moreover, as Defendant points out, the 955-page record here was comparatively straightforward for a case involving Social Security benefits. *See* ECF 23 at 2. Plaintiff's counsel also represented Plaintiff in the administrative process, *see* ECF 10-3 at 13, meaning Counsel was not sifting through the factual and legal issues for the first time in preparation for this appeal. This Court finds the complexity of this case was below average.

PAGE 4 – ORDER

On the other hand, this Court is sensitive to the reality that Counsel assumed "significant risk" in accepting this case, including "the risk that no benefits would be awarded." *Crawford*, 586 F.3d at 1152. This Court also acknowledges and approves of Counsel's efficient billing practices. Counsel "did not bill a minimum of 0.1 hours for every email, for every review of an entry into the Court's docket or simple one-or-two sentence order by the Court, or for other administrative tasks." *Edgar v. Comm'r, SSA*, No. 3:14-cv-0267-SI, 2018 U.S. Dist. LEXIS 94065, at *5 (D. Or. June 5, 2018) (citing cases in which such a practice has been criticized).[1] Nor did Counsel bill for work performed by non-attorneys. The non-inclusion of paralegal hours distinguishes this case from those Defendant cites. In *Soriano v. Saul*, 831 F. App'x 844, 844–45 (9th Cir. 2020) (unpublished), the Ninth Circuit upheld a district court's reduction of a fee award from $20,000 to $15,000. But that case involved counsel billing for 13.1 attorney hours and 4.6 paralegal hours. *Id*. at 844. Here, Plaintiff's counsel spent 1.7 more hours on the case while engaging in efficient billing practices. Similarly, in *Robles v. Berryhill*, No. 516-cv-02318-GJS, 2019 WL 1581411, at *2 (C.D. Cal. Jan. 16, 2019), *aff'd sub nom. Robles v. Saul*, 831 F. App'x 272 (9th Cir. 2020), the district court held that $20,000 was an "excessively large" fee in comparison to 13.7 attorney hours and 3.9 paralegal hours spent on the case.

Plaintiff urges that the requested fee is not unprecedented in this district. While the Ninth Circuit has discouraged a "court-wide policy" on fees in Social Security cases, "[d]istrict judges can certainly consider the fees awarded by other judges in the same locality in similar cases."

---

[1] There are four entries on Plaintiff's counsel's timesheet reflecting 0.1-hour increments, but the Court does not find that these are of a nature to "mask[] excess and redundancies." *Arnold v. Pfizer, Inc.*, No. 3:10-cv-01025-AC, 2015 WL 4603326, at *9 (D. Or. July 29, 2015). Rather, these entries were to (1) download a transcript and docket the opening brief, (2) engage in a telephone call with opposing counsel, (3) review this Court's order granting remand on August 20, 2020, ECF 15, which set out the issues on which Plaintiff's counsel would have to focus on remand, and (4) correspond with counsel regarding a motion for judgment. ECF 22-4.

*Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008). It is true that courts in this district have approved hourly rates of $1,000 or more. *See, e.g.*, *Edgar*, 2018 U.S. Dist. LEXIS 94065, at *2 (approving a net fee "equat[ing] to an hourly wage of $1820"); *Quinnin v. Colvin*, No. 112-cv-01133-SI, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (approving as reasonable "a *de facto* hourly rate for attorney time of $1,240"); *Ali v. Comm'r, Soc. Sec. Admin.*, No. 310-cv-01232-CL, 2013 WL 3819867, at *3 (D. Or. July 21, 2013 (approving an effective hourly rate of $1,000). But these cases also represent a lesser percentage of the plaintiff's back benefits award. In *Ali*, the overall fee of $7,000 represented only fourteen percent of the plaintiff's overall award. 2013 WL 3819867, at *2. In *Quinnen*, the court reduced the requested fee of $14,500—a $1,790 per hour rate and twenty-two percent of the overall award—to $10,500—a $1,240 per hour rate and fifteen percent of the award. 2013 WL 5786988, at *1, 4.[2] Finally, in *Edgar* the $16,380 award was only twelve percent of the plaintiff's award. 2018 U.S. Dist. LEXIS 94065, at *1. Although all of these cases ultimately yielded attorney's fees equating to hourly rates over $1,000, none awarded the "disfavored" statutory maximum. *Fintics*, 2013 WL 5524691, at *2.

  Given the relative lack of complexity of this case, the fact that Defendant did not contest Plaintiff's assignments of error, and the low number of total hours billed, this Court finds that counsel for Plaintiff has not met its burden of showing that the requested fee award is reasonable. Still, Counsel secured a favorable result for Plaintiff and employed commendable, lean billing practices. Weighing all of the relevant factors and policy considerations, this Court determines

---

[2] In *Quinnen*, the fees also included paralegal work. The court reduced the rate at which paralegal work was compensated from $895 per hour to $620 per hour. 2013 WL 5786988, at *3–4.

that a reasonable fee award is $14,647.14, which equates to eighteen percent of the back benefits award. This is a de facto hourly rate of $989.67 for attorney time.

## CONCLUSION

For the reasons above, Plaintiff's Motion for Attorney's Fee under 42 U.S.C. § 406(b)(1)(A) is GRANTED IN PART and DENIED IN PART and Plaintiff's counsel is entitled to fees in the amount of $14,647.14. Plaintiff's counsel is directed to refund to Plaintiff the EAJA fees of $3,071.86 previously awarded in this case.

**IT IS SO ORDERED.**

DATED this 2nd day of December, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge